UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISVISION AT DAYTON
CASE NO. 3:16-CV-00497-TMR

**ROSE BRADLEY**                                                                              **PLAINTIFF**

**v.**

**J. STRICKLAND & CO.,** *et al.*                                               **DEFENDANTS**

## AGREED PROTECTIVE ORDER

WHEREAS, the parties recognize that, pursuant to discovery or otherwise during the course of this litigation, the parties may be required to disclose confidential and proprietary commercial or business information, and that disclosure of such information could cause harm to the disclosing party, good cause therefor exists for the entry of a Protective Order regarding confidentiality of proprietary commercial or business information that is expected to be produced or provided during the course of discovery in this litigation.

WHEREAS the parties shall abide by this Agreed Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information and materials; and

WHEREAS this Protective Order shall be effective and binding throughout all proceedings relating to this lawsuit, and shall apply to all discovery in this lawsuit, including discovery of non-parties.

IT IS HEREBY ORDERED, STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 26, upon the agreement by and between the undersigned counsel for the parties, that the following Protective Order shall govern the handling of confidential information produced by any party:

1. "Confidential Information" means any non-public document, electronically stored information, file, portion of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that the party producing the document believes in good faith contains proprietary, confidential, commercially sensitive, competitive, or trade secret information, personal information, or otherwise sensitive information that is entitled to protection from disclosure under applicable law.

2. When Confidential Information is produced, provided, or otherwise disclosed, it will be designated by imprinting the word "Confidential" on each page containing the Confidential Information or by imprinting the word "Confidential" on the label of any CD or other disc or device containing Confidential Information.

3. All Confidential Information shall be subject to the following restrictions:

(a) It shall be used only for the purpose of this litigation; and

(b) It shall not be communicated or disclosed, either directly or indirectly, to anyone except to Authorized Persons (*see* Paragraph 4) and exclusively for purposes of this case.

4. Confidential Information, or copies or extracts of Confidential Information, or compilations and summaries of Confidential Information, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

(a) Parties' officers, directors and employees (including in-house counsel) to whom such disclosure is reasonably necessary for the purpose of this litigation, a party's insurer (defined herein as an entity that has issued any policy(s) to a party that may provide coverage for a claim in suit) solely for the purposes of this case, and outside counsel of record

in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) The named parties;

(c) Experts and consultants (and their employees as necessary) for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial of this matter, subject to and conditioned upon compliance with Exhibit A to this Order;

(d) The Court and its employees whose duties require access to the Confidential Information;

(e) Court reporters, transcribers, notary publics or stenographers subject to and conditioned upon compliance with Exhibit A to this Order;

(f) Copy services or graphics or design services retained by counsel for a party for purposes of copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data, preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action subject to and conditioned upon compliance with Exhibit A to this Order;

(g) Any other person only upon order of the Court or upon prior written consent of all parties.

5. Individuals authorized to review Confidential Information provided to them under Paragraph 4, above, shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized by court order.

6. The party or party's counsel who discloses Confidential Information to any Authorized Person shall be responsible for assuring compliance with the terms of this

Protective Order with respect to persons to whom such Confidential Information is disclosed.

7. During the pendency of this litigation, counsel, their staff, and any persons who receive Confidential Information pursuant to Paragraph 4 of this Protective Order shall retain custody of Confidential Information, and copies made therefrom.

8. As set forth in this paragraph and its subparts, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is designated as Confidential Information orally or in writing either at the time of the deposition or within 14 days after receipt by the parties of the transcript.

(a) For such time as any discovery material designated as Confidential Information are disclosed in a deposition, the party whose information or document is to be disclosed shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

(b) In the event that a party believes that Confidential Information will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as Confidential.

9. In the case of expert reports, if any designated Confidential Information, pursuant to this Protective Order is specifically identified in or attached to an expert's report, the report shall be marked on its cover as "Contains Confidential Information", and the portion of the report reflecting such information shall be stamped "Contains Confidential Information", and access thereto shall be limited pursuant to the terms of this Protective

Order. The party retaining the expert shall be responsible for the initial stamping of such report.

10. Nothing in this Protective Order shall be construed to restrict the use or disclosure of Confidential Information at trial or any other court proceeding; provided, however, that the use or disclosure of Confidential Information at trial or any other court proceeding shall be addressed by this Court at the appropriate time. Counsel for the parties agree to confer in good faith about procedures for handling material designated Confidential Information during trial or any hearing in open Court of this action, including the possibility of an additional order.

11. Unless otherwise required by the Court, whenever any document designated as Confidential Information is filed with the Court, the party submitting such document or pleading shall file a motion for leave to file under seal. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Agreed Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Agreed Protective Order to the contrary are hereby stricken. Parties intending to file

any information designated as Confidential shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court.

12. Unless otherwise permitted, within sixty (60) days after the conclusion of this lawsuit, including all appeals therefrom, all documents designated as Confidential, all copies of documents designated as Confidential in the possession, custody or control of the receiving parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party.  However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone.  Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this paragraph have been completed.

13. Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any party of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the Discovery Material designated as Confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance written notice of any such requested disclosure to the counsel of the other party or parties to afford that the original producing party the opportunity to seek legal protection from the disclosure of such Discovery Material.

14. This Protective Order shall be without prejudice to the right of any party:

(a) to have determined by motion, at any time, whether any Discovery Material has been improperly designated as Confidential in which event, the party contesting the

assertion of confidentiality shall have the burden of establishing the non-confidentiality of the Discovery Material; and

(b) to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

IT IS SO ORDERED.

Date: 11/29/2018
s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

Agreed to:

| | |
|---|---|
| ___/s/ Daniel E. Linneman___ | ___/s/ Thomas J. Intili___ |
| Jeffrey C. Mando, Esq. (43785) | Thomas J. Intili, Esq. |
| Daniel E. Linneman, Esq. (77902) | Danielle A. Groves, Esq. |
| ADAMS, STEPNER, | Mitchell J. Anderson, Esq. |
| WOLTERMANN & DUSING, PLLC | INTILI & GROVES CO., LPA |
| 40 West Pike Street | 2300 Far Hills Avenue |
| Covington, KY 41011 | Dayton, OH 45419 |
| 859.394.6200 | 937.226.1770 |
| 859.392.7263 – Fax | 937.281.1562 – Fax |
| jmando@aswdlaw.com | tom@igattorneys.com |
| dlinneman@aswdlaw.com | Danielle@igattorneys.com |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |