UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CIERRA STEVENSON, Administrator of the Estate of Rose Bradley, Deceased, | : : : |
| Plaintiff, | : Case No. 3:16-cv-497 : |
| v. | : Judge Thomas M. Rose : : |
| J. STRICKLAND & CO., *et al.*, | : : |
| Defendants. | : |

**ENTRY AND ORDER GRANTING PLAINTIFF'S RULE 56(d) MOTION FOR CONTINUANCE (DOC. 50), GRANTING PLAINTIFF'S MOTION FOR AMENDMENT OF PRETRIAL ORDER (DOC. 50), AND DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 45)**

This case is before the Court on Plaintiff's Rule 56(d) Motion for Continuance and Plaintiff's Motion for Amendment of Pretrial Order (Doc. 50).[1] In these motions (the "Motions"), Plaintiff asks that the Court (1) amend the June 27, 2019 Pretrial Order to enlarge the period for producing expert reports and for completing expert witness depositions, and (2) deny or defer ruling on Defendants' Motion for Summary Judgment (Doc. 45). Defendants opposed these Motions within their "Defendants' Reply in Support of Their Motion for Summary Judgment" (Doc. 51), and Plaintiff filed a reply in support of these Motions (Doc. 52). The matter is ripe for the Court's review.

Rule 56(d) states that "[i]f a nonmovant [to a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

---

[1] These motions were embedded within Plaintiff's Memorandum Opposing Defendants' Motion for Summary Judgment. (*See* Doc. 50.)

opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 16(b)(4) states that a pretrial "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiff attached to her motion an "Affidavit of Thomas J. Intili Supportive of Plaintiff's Rule 56(d) Motion for Denial or Deferment of Defendants' Motion for Summary Judgment." (Doc. 50-1.) Mr. Intili's Affidavit includes the following sworn statements:

- "I am Plaintiff's trial attorney in this civil action."

- "Two previous cosmetology instructors, one in Cleveland, and another in Dayton, agreed to serve as expert witnesses for Plaintiff, but later abandoned their engagements without warning or explanation."

- "But for the fact that the Cleveland and Dayton cosmetology instructors abandoned their consultancies, Plaintiff would have produced expert reports on or before the dates set forth in the pretrial order."

- "On Wednesday, September 4, 2019, Plaintiff succeeded in retaining Latwanda Lewis, an instructor at Moler Hollywood Beauty Academy in Cincinnati, as her cosmetology expert."

- "With Ms. Lewis's assistance, Plaintiff can produce all of her expert reports within a reasonable time."

- "Without Ms. Lewis's assistance, Plaintiff cannot produce reports, affidavits or deposition testimony sufficient to rebut a defense motion for summary judgment."

- "If this Court declines to defer judgment on Defendants' Motion for Summary Judgment, or amend the pretrial order, Plaintiff will be deprived of adjudication of her claims on the merits."

(Doc. 50-1 at PAGEID # 313-14.)

Plaintiff concedes that "retaining a cosmetology expert [is] essential to proof of her claims." (Doc. 50 at PAGEID # 304.) Plaintiff also argues that "[n]ow that Plaintiff has secured *all* of the necessary experts, this Court should amend the June 27, 2019, pretrial scheduling order

(Doc. #44) enabling her to advance her claims." (*Id.*)

The Court finds that good cause exists to modify the pretrial schedule to enlarge the period for producing expert reports and for completing expert witness discovery. Fed. R. Civ. P. 16(b)(4). The Court also finds that Plaintiff has fulfilled the requirements under Rule 56(d) quoted above. Federal courts favor decisions made on the merits such that parties are provided with a reasonable opportunity to argue and support their positions. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("the benefits of this rule [that allows motions for summary judgment] are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness.").

The Court agrees with Plaintiff that it is appropriate to deny Defendants' Motion for Summary Judgment (Doc. 45) at this time, but it does so without prejudice to the Defendants filing another motion for summary judgment in the future or other appropriate motion(s). This will allow Defendants the opportunity to address—within a full briefing schedule on any subsequent motion for summary judgment—any additional items that may arise in subsequent expert witness discovery.

These findings come with a warning that, absent extraordinary circumstances, the Court will <u>not</u> entertain any further request from Plaintiff to modify the pretrial schedule concerning expert reports or discovery. The Court will not trudge through the procedural history of the case in this Order, but, as Defendants point out, Plaintiff has already been granted one request to extend expert discovery—and she made that request four months after a prior deadline had passed. (Doc. 32; Doc. 51 at PAGEID # 318.) And, "Plaintiff did not mention the expert cosmetologist in her previous motion seeking an extension, despite the fact that [the cosmetologist's] opinion is claimed

3

to be integral to the opinions of Plaintiff's other experts." (Doc. 51 at PAGEID # 320; *see also* Doc. 32.) Plaintiff failed even to address those circumstances in her reply memorandum. (*See* Doc. 52.)

The Court is aware of Defendants' objections to, and concerns about, additional delay. The Court advises Plaintiff that the Court will not entertain another request from her to extend expert discovery deadlines or other dates beyond what is established below absent extraordinary circumstances. As the Defendants point out, the Court also has broad discretion to exclude untimely disclosed expert testimony. (Doc. 51 at PAGEID # 320, *citing Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).)

The Court rules as follows:

1. Plaintiff's Rule 56(d) Motion for Continuance (included within Doc. 50) is **GRANTED**;

2. Plaintiff's Motion for Amendment of Pretrial Order (included within Doc. 50) is **GRANTED**;

3. The Amended Preliminary Pretrial Order (Doc. 44) is amended with the following dates and deadlines in this case:

    a. Plaintiff's primary expert disclosure: November 1, 2019

    b. Defendants' primary expert disclosure: December 2, 2019

    c. Plaintiff's rebuttal expert disclosure: December 16, 2019

    d. Defendants' rebuttal expert disclosure: January 15, 2020

    e. Expert discovery deadline: February 14, 2020

    f. Status conference: February 20, 2020 at 10:30 a.m.

    g. Dispositive motion deadline: March 13, 2020

    h. Final pretrial conference: September 17, 2020 at 1:30 p.m.

    i. Jury trial: October 19, 2020 starting at 9:00 a.m.

4. Defendants' Motion for Summary Judgment (Doc. 45) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, October 7, 2019.

                                                    s/Thomas M. Rose

                                      _____

                                                THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE